UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DION MOORE,<br>            Petitioner,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br>            Respondent. | Civil Action No.  21-10035 (KM)<br><br>**MEMORANDUM AND ORDER** |

Petitioner Dion Moore, a federal prisoner presently incarcerated at Allenwood Federal Correctional Institution, pled guilty to drug and weapons offenses, for which I sentenced him on May 12, 2020 to 152 months in prison. *U.S. v Moore,* No. 19-cr-405.  He did not appeal.

Petitioner has now filed a motion to vacate, set aside, or correct that sentence pursuant to 28 U.S.C. § 2255. (DE 1.) The motion alleges, in substance, the ineffective assistance of plea counsel.

This Court is required to screen such motions pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts. Having reviewed the motion, I will require Petitioner to show cause as to why the motion should not be dismissed without prejudice for failing to meet the pleading requirements of Rule 2 of the Rules Governing § 2255 cases. If Petitioner fails to do respond or cure the deficiencies within thirty days, the motion will be dismissed without prejudice.

Rule 4 requires judges to review and *sua sponte* dismiss petitions without ordering a responsive pleading "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]"  *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988) (summary dismissal is warranted where the petition contains vague and conclusory allegations).

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  The Habeas Rules require the habeas petition to specify the grounds for relief, state the facts supporting each ground, and state the relief requested.[1]  *See* 28 U.S.C. § 2255 Rule 2(b); *see also In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999) (explaining that "factual allegations" are descriptions of "the who, what, when, where, and how: the first paragraph of any newspaper story").

A § 2255 petition cannot stand on vague and conclusory assertions of a constitutional violation; rather, it must state sufficient detail to point the court to the real possibility of a constitutional error. *See Oliver v. United States,* 961 F.2d 1339, 1343 n. 5 (7th Cir.1992) (holding that a district court may deny a § 2255 motion without a hearing "if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court."); *see also Shah v. United States,* 878 F.2d 1156, 1161 (9th Cir. 1989) (holding that vague or conclusory allegations warrant summary dismissal of § 2255 claims); *see also United States v. Aiello,* 814 F.2d 109, 113-14 (2nd Cir. 1987) (holding that a § 2255 petition must be based on more than "[a]iry generalities, conclusory assertions and hearsay statements."); *see also United States v. Unger,* 635 F.2d 688, 691 (8th Cir. 1980) (holding that "[c]onclusory assertions that a defendant's pleas were involuntary and coerced are insufficient.").

Here, Petitioner asserts three ineffective assistance of counsel claims, each of which contains some version of an argument that Petitioner's plea counsel "pressure[d]" or

---

[1] *Pro se* pleadings are held to less stringent standards than more formal pleadings drafted by lawyers, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and a *pro se* habeas petition or motion must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).  Here, the Motion was submitted by counsel and thus is not entitled to liberal construction.

persuade[d]" Petitioner to plead guilty, or that the plea was not "voluntarily, knowingly, and intelligently made." (DE 1 at 4-7.) No other detail is provided; for example, how plea counsel allegedly pressured and persuaded Petitioner to accept a plea deal.

**IT IS,** therefore, this 6th day of December, 2021,

**ORDERED** that within 30 days of this Order, Petitioner shall SHOW CAUSE, via a supplemental letter brief or amended petition, as to why the § 2255 motion should not be dismissed at screening; and it is further

**ORDERED** that the failure to respond or correct the deficiencies noted in this Order may result in dismissal without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter pending Petitioner's response; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this order upon Petitioner by regular U.S. Mail.

/s/ Kevin McNulty

_____
Kevin McNulty
United States District Judge